**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

Case No._____-CV

Sherri Lott,

Plaintiff (s)                                          **Jury Trial Demanded**

vs.

BREAD FINANCIAL PAYMENTS, INC.

Defendant (s)
_____/

FILED BY_____NA_____D.C.

**Feb 28, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## COMPLAINT AND DEMAND FOR JURY

### INTRODUCTION

1. This is an action for actual, punitive, and statutory damages brought by Plaintiff Sherri Lott, an individual consumer (hereinafter "Plaintiff"), against Defendant BREAD FINANCIAL PAYMENTS, INC. (hereinafter "Defendant"), for violations of the Fair Credit Reporting Act 15 U.S.C § 1681 et seq. (hereinafter "FCRA") as defendant willfully failed to conduct a reasonable Investigation.

### JURISDICTION AND VENUE

2. The court has jurisdiction under 15 U.S.C § 1681p, and 28 U.S.C§ 1331. The venue in this District is proper as Defendant transacts business in Florida, and Plaintiff lives in the Southern District of Florida.

### PARTIES

3. Plaintiff is a natural person residing in the Southern District of Florida. Plaintiff is a consumer "Individual" as defined by the Fair Credit Reporting Act, 15 U.S.C.§1681a (c).

4. The defendant is a "furnisher" as defined by 15 U.S.C.§1681a (b).

5. Upon information and belief, the Defendant's principal place of business is 3095 Loyalty Circle, Columbus, Ohio 43219.

## FACTS OF THE COMPLAINT

6. On or around June 12, 2016, Plaintiff incurred a financial obligation for an alleged credit card with Defendant in the amount of $1,310 from a transaction in which money, property, insurance, or service, which are the subject of the transaction, are primarily for personal, family, and household purposes.

7. On or around January 14, 2025, Plaintiff submitted a dispute letter to Experian due to the inaccurate information and payment history furnished by Defendant.

8. The payment history section furnished to Experian by the defendant is incomplete and inaccurate. Defendant failed to report vital data such as the balances, past due amounts, amounts paid, and the dates payments were made for each month, starting from the account opening in June 2016 up until the closure in July 2022. As a result, this report is not only incomplete but also inaccurate. **(See Exhibit A)**

9. The payment history section contains incomplete data and inaccuracies. The defendant has reported to Experian that the account was charged off in August 2022. However, the accurate charge-off date is July 2022. **(See Exhibit A)**

10. Furthermore, the defendant falsely reported to Experian that there was no data for January 2022 despite the account being clearly 30 days late. Moreover, the defendant has inaccurately reported that there was no data for February 2022, even though the account was 60 days late. Additionally, the defendant inaccurately reported no data for March 2022 despite the account being 90 days late. **(See Exhibit A)**

11. Additionally, the defendant inaccurately reported to Experian no data for April 2022 when the account was 120 days late. Again, Defendant falsely reported no data for May 2022 when the account was 150 days late. **(See Exhibit A)**

12. Another significant instance in the payment history section involves the defendant's intentional submission of misleading, incomplete, and inaccurate information to Experian. In June 2022, the defendant falsely reported no data despite the account being undoubtedly 180 days late. Lastly, the defendant willfully furnished misleading and inaccurate information in the payment history section by reporting no data in July 2022, even though the account had already

been charged off. This behavior is constant and demonstrates a clear disregard for accurate reporting. **(See Exhibit A)**

13. The defendant willfully neglected to mark the account as disputed with Experian, even though it remained unresolved.

14. On or around January 14, 2025, Plaintiff submitted a dispute letter to Transunion due to the inaccurate information and payment history furnished by Defendant.

15. The payment history section furnished to TransUnion by the defendant is incomplete and inaccurate. The Defendant failed to report vital data such as the balances, past due amounts, and amounts paid for each month, starting from February 2018 to June 2022. **(See Exhibit B)**

16. Furthermore, the defendant falsely reported to TransUnion that there was no data for January 2022 despite the account being clearly 30 days late. Moreover, the defendant has inaccurately reported that there was no data for February 2022, even though the account was 60 days late. Additionally, the defendant inaccurately reported no data for March 2022 despite the account being 90 days late. **(See Exhibit B)**

17. Additionally, the defendant inaccurately reported to TransUnion no data for April 2022 when the account was 120 days late. Again, Defendant falsely reported no data for May 2022 when the account was 150 days late. **(See Exhibit B)**

18. Another significant instance in the payment history section involves the defendant's intentional submission of misleading, incomplete, and inaccurate information to Transunion. In June 2022, the defendant falsely reported no data despite the account being undoubtedly 180 days late. **(See Exhibit B)**

19. The defendant willfully neglected to mark the account as disputed with Transunion, even though it remained unresolved. **(See Exhibit B)**

20. On or around January 14, 2025, Plaintiff submitted a dispute letter to Equifax due to the inaccurate information and payment history furnished by Defendant.

21. The payment details section is both incomplete and inaccurate. The defendant has failed to furnish the correct close date of the account, the identity of the account purchaser, and the date of the last activity to Equifax. **(See Exhibit C&D)**

22. The payment history section is inaccurate and incomplete. The defendant has reported payments solely for the period from June 2021 to December 2021, neglecting to furnish any data from January 2019 to May 2021. However, payments were made during this timeframe.

23. Furthermore, the defendant falsely reported to Equifax that there was no data for January 2022 despite the account being clearly 30 days late. Moreover, the defendant inaccurately reported that there was no data for February 2022, even though the account was 60 days late. Additionally, the defendant inaccurately reported no data for March 2022 despite the account being 90 days late.

24. Additionally, the defendant inaccurately reported to Equifax no data for April 2022 when the account was 120 days late. Again, Defendant falsely reported no data for May 2022 when the account was 150 days late.

25. Another significant instance in the payment history section involves the defendant's intentional submission of misleading, incomplete, and inaccurate information to Equifax. In June 2022, the defendant falsely reported no data despite the account being undoubtedly 180 days late. Lastly, the defendant willfully furnished misleading and inaccurate information in the payment history section by reporting no data in July 2022, even though the account had already been charged off. This behavior is constant and demonstrates a clear disregard for accurate reporting.

26. Upon information and belief, Experian promptly forwarded the notice of dispute and all relevant information to Defendant within five business days of receiving the FCRA dispute letter, fully complying with the requirements set forth by the FCRA.

27. Upon information and belief, TransUnion promptly forwarded the notice of dispute and all relevant information to Defendant within five business days of receiving the FCRA dispute letter, fully complying with the requirements set forth by the FCRA.

28. Upon information and belief, Equifax promptly forwarded the notice of dispute and all relevant information to Defendant within five business days of receiving the FCRA dispute letter, fully complying with the requirements set forth by the FCRA.

29. On or about January 31, 2025, Plaintiff received the dispute results from Experian, which evidently verified that Defendant verified inaccurate and incomplete information. **(See Exhibit A)**

30. On or about February 17, 2025, Plaintiff received the dispute results from Transunion, which evidently verified that Defendant verified inaccurate and incomplete information. **(See Exhibit B)**

31. On or about January 21, 2025, Plaintiff received the dispute results from Equifax, which evidently verified that Defendant verified inaccurate and incomplete information. **(See Exhibits C, D1)**

32. After the thirty (30) day investigation period mandated by the FCRA, Defendant did not take the necessary actions to modify, delete, or permanently block the inaccurate and incomplete account information as commanded by the FCRA. As a result, the account was and remains inaccurate and incomplete. ( **See Exhibits A, B, C, & D)**

33**.** Upon information and belief, Defendant either neglected to conduct any investigation whatsoever or carried out a thoroughly inadequate investigation, improperly verifying the inaccurate account as if it were true.

34. Defendant undoubtedly neglected to review all relevant information provided by Plaintiff in Plaintiff's disputes, constituting a direct violation of 15 U.S.C. § 1681s-2(b). This failure to comply with legal obligations not only undermines the dispute resolution process but also unjustly disadvantages the Plaintiff.

35. Upon receiving the Plaintiff's disputes, Defendant unequivocally neglected to carry out the necessary investigation or reinvestigation of the disputed information as commanded by 15 U.S.C. § 1681s-2(b). This failure clearly constitutes a violation of the legal obligations designed to protect consumers and ensure accurate reporting.

36. Had the Defendant conducted a thorough investigation, the account in question would have been promptly modified and corrected to accurately reflect the correct balances for each month, the payments made for each month, the close date, and the correct charge-off date.

37. The Defendant's failure to conduct a reasonable investigation has directly resulted in their refusal to correct and update Plaintiff's information as mandated by 15 U.S.C. § 1681s-2(b). This blatant disobedience is causing the continued reporting of inaccurate information, which is a clear violation of 15 U.S.C. § 1681s-2(b)

38. The Defendant's Failure to mark the account as disputed is a Material Misrepresentation.

39. The Defendant's ongoing use of inaccurate, misleading, and derogatory reporting was done with full knowledge and intent, demonstrating a clear disregard for the truth. Consequently, it is evident that the Plaintiff is entitled to statutory damages.

## PLAINTIFF'S DAMAGES

40. Defendant continued inaccurate, misleading, and derogatory reporting; Plaintiff has suffered actual damages, including, without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

41. As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to, a decreased credit score; decreased creditworthiness and credit capacity; wrongly inflated liabilities; emotional, mental pain due to the anxiety, time wasted, and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to Experian, Equifax and TransUnion.

## COUNT I
### Defendant's Violations of the FCRA, 15 U.S.C. § 1681s-2(b)

42. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

43. At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

44. Defendant has a duty to provide accurate information to consumer reporting agencies and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. See 15 U.S.C. § 1681s-2(a).

45. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from Experian.

46. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from Transunion.

47. Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from Equifax.

48. The Defendant had an obligation under 15 U.S.C. § 1681s-2(b) to mark the account as "disputed by consumer" if the dispute remains unresolved.

49. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

50. On each occasion referenced in the above statement of facts where a dispute was sent to Experian, upon information and belief, Experian provided Defendant the notice of dispute and all relevant information regarding the dispute(s).

51. On each occasion referenced in the above statement of facts where a dispute was sent to Transunion, upon information and belief, Transunion provided Defendant the notice of dispute and all relevant information regarding the dispute(s).

52. On each occasion referenced in the above statement of facts where a dispute was sent to Equifax, upon information and belief, Equifax provided Defendant the notice of dispute and all relevant information regarding the dispute(s).

53. Upon information and belief, Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably, and in good faith investigate Plaintiff's dispute(s).

54. The defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher provided the inaccurate information.

55. Upon information and belief, Defendant's conduct in the instant matter is representative of its normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

56. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to fully, properly, and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

57. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account, as provided.

58. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to Experian.

59. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to Transunion.

60. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to Equifax.

61. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it could not or did not verify in Plaintiff's file after conducting an investigation.

62. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate and incomplete information in Plaintiff's file to Experian.

63. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate and incomplete information in Plaintiff's file to Transunion.

64. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate and incomplete information in Plaintiff's file to Equifax.

65. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully neglecting to mark the account as disputed with TransUnion after the account remained unresolved. This omission constitutes a violation of the Fair Credit Reporting Act's mandate to report information that is not only factually accurate but also complete and non-misleading.

66. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully neglecting to mark the account as disputed with Experian after the account remained unresolved. This omission constitutes a violation of the Fair Credit Reporting Act's mandate to report information that is not only factually accurate but also complete and non-misleading.

67. The defendant violated 15 U.S.C. § 1681s-2(b) by willfully neglecting to mark the account as disputed with Equifax after the account remained unresolved. This omission constitutes a violation of the Fair Credit Reporting Act's mandate to report information that is not only factually accurate but also complete and non-misleading.

68. Defendant violated 15 U.S.C § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

69. Alternatively, Defendant exhibited reckless disregard and unjustifiably high risk to Plaintiff when it received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit report.

70. Defendant violated 15 U.S.C § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account, as provided.

71. Defendant violated 15 U.S.C § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies. Further, Plaintiff suffered actual damages, further described in the above statement of facts.

72. Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

73. Alternatively, Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

74. For the foregoing reasons, Defendant violated 15 U.S.C § 1681s-2(6) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, and costs in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o.

## JURY DEMAND

75. Pursuant to Federal Rule of Civil Procedure 38, the Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant and Plaintiff be awarded damages from Defendant, as follows:

• An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

• An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

• An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

• Any other relief that this Court deems just and proper.

Dated February 28, 2025.

Respectfully submitted,

/s/ Sherri Lott
3440 SW 63rd Ave
Miramar, FL 33023
(786) 312-8240
Email: sherrilott0416@yahoo.com

Experian

Prepared For

Pei

# Exhibit A

Date Generated  Jan 31, 2025
Report Number  1977-4245-16

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### COMENITY BANK/ASHSTWRT

Account • 585637XXXXXXXXXX

Information on this item has been updated. Please review your report for the details.

You can contact COMENITY BANK/ASHSTWRT at PO BOX 182789, COLUMBUS , OH 43218 or None provided

### After your dispute

 **Account Info**

| | | | |
|---|---|---|---|
| Account Name | ADS/COMENITY/ASHSTWRT | Balance | $0 |
| Account Number | 585637XXXXXXXXXX | Balance Updated | 08/25/2022 |
| Account Type | Charge Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $0 |
| Date Opened | 06/12/2016 | Original Balance | $920 |
| Status | Closed. $1,310 written off. | Highest Balance | $1,310 |
| Status Updated | 08/2022 | Terms | - |

 **Payment History**

|      | J | F | M | A | M | J | J | A | S | O | N | D |
|------|---|---|---|---|---|---|---|---|---|---|---|---|
| 2022 | — | — | — | — | — | — | — |  CO | — | — | — | — |

CO   Charge off

**Payment history guide**

Charge Off as of Aug 2022

---

 **Contact Info**

Address                     PO BOX 182789,
                            COLUMBUS OH 43218

---

 **Comment**

**Current:**

Purchased by another lender.

**Previous:**

None

---

 **Reinvestigation Info**

This item was updated from our processing of your dispute in Jan 2025.

---

 **Before your dispute**

---

**Account Info**

| | | | |
|---|---|---|---|
| Account Name | **ADS/COMENITY/ASHSTWRT** | Balance | **$0** |
| Account Number | **585637XXXXXXXXXX** | Balance Updated | **08/25/2022** |
| Account Type | **Charge Card** | Recent Payment | **$0** |
| Responsibility | **Individual** | Monthly Payment | **$0** |
| Date Opened | **06/12/2016** | Original Balance | **$920** |
| Status | **Closed. $1,310 written off.** | Highest Balance | **$1,310** |
| Status Updated | **08/2022** | Terms | **-** |

 **Payment History**

|      | J  | F  | M  | A   | M   | J   | J  | A  | S | O | N | D |
|------|----|----|----|-----|-----|-----|----|----|---|---|---|---|
| 2022 | CO | CO | SO | 120 | 150 | 150 | CO | CO | — | — | — | — |
| 2021 | —  | —  | —  | —   | —   | ✓   | ✓  | ✓  | ✓ | ✓ | ✓ | ✓ |

| ✓ | Current / Terms met | 30 | Past due 30 days |
|---|---|---|---|
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |
| CO | Charge off | | |

**Payment history guide**

Charge Off as of Aug 2022, Jul 2022

150 days past due as of Jun 2022, May 2022

120 days past due as of Apr 2022

90 days past due as of Mar 2022

60 days past due as of Feb 2022

30 days past due as of Jan 2022

 **Contact Info**

Address                    PO BOX 182789,
                           COLUMBUS OH 43218

 **Comment**

**Current:**

Purchased by another lender.

**Previous:**

None

**Reinvestigation Info**

This item was updated from our processing of your dispute in May 2023.

**If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.**

Total Months: 14

COMENITY BANK/ASHSTWRT 585637607751****

# Exhibit B

## Account Information

| | |
|---|---|
| **Address** | 6939 AMERICANA PARKWAY REYNOLDSBURG, OH 43068 |
| **Phone** | Phone number not available |
| **Date Opened** | 06/12/2016 |
| **Responsibility** | Individual Account |
| **Account Type** | Revolving Account |
| **Loan Type** | CHARGE ACCOUNT |
| **Balance** | $0 |
| **Date Updated** | 08/25/2022 |
| **Payment Received** | $0 |
| **Last Payment Made** | 12/07/2021 |
| **High Balance** | $1,31 |
| **Credit Limit** | $92 |
| **Pay Status** | >Sold; was Charged-of |
| **Terms** | Paid Monthly |
| **Date Closed** | 07/31/2022 |
| **Estimated month and year this item will be removed** | 01/2029 |
| **Remarks** | PURCHASED BY ANOTHER LENDER; PAID IN FULL/WAS A CHARGE OFF |

Payment History

| February 2018 | March 2018 | April 2018 | May 2018 | June 2018 | July 2018 | August 2018 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| September 2018 | October 2018 | November 2018 | December 2018 | January 2019 | February 2019 | March 2019 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| April 2019 | May 2019 | June 2019 | July 2019 | August 2019 | September 2019 | October 2019 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| November 2019 | December 2019 | January 2020 | February 2020 | March 2020 | April 2020 | May 2020 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| June 2020 | July 2020 | August 2020 | September 2020 | October 2020 | November 2020 | December 2020 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| January 2021 | February 2021 | March 2021 | April 2021 | May 2021 | June 2021 | July 2021 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| August 2021 | September 2021 | October 2021 | November 2021 | December 2021 | January 2022 | February 2022 |
|---|---|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | X | X | X |

| March 2022 | April 2022 | May 2022 | June 2022 | July 2022 |
|---|---|---|---|---|
| Rating | Rating | Rating | Rating | Rating |
| X | X | X | X | C/O |

Total Months: 54



1/21/25, 2:13 PM
Credit Report | myEquifax
Case 0:25-cv-60392-WPD   Document 1   Entered on FLSD Docket 02/28/2025   Page 17 of 22
**my**Equifax™

≡                                                                                          👤   🔔 2

## Your Equifax credit report

As of **January 21, 2025**

**Credit Report date**

Equifax - January 21, 2025

You still have **3 of 6 free Equifax credit reports** available before **January 03, 2026**.

Get my free credit report

# Exhibit C

‹ Back

# COMENITY BANK/ASHSTWRT

Report Date: Jan 21, 2025

> If you find information in your credit report that you believe is incomplete or inaccurate, you can **file a dispute**.

# CLOSED

## ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

| **Details** | Payments | 24 Month History |
|---|---|---|

### OVERVIEW

| | |
|---|---|
| **Account Number** | xxxxxxxxxxxx 8080 |
| **Account Status** | CHARGE_OFF |
| **Owner** | INDIVIDUAL |
| **Account Type** | REVOLVING |
| **Creditor Classification** | - |
| **Loan Type** | CHARGE_ACCOUNT |
| **Original Creditor Name** | - |
| **Months Reviewed** | 89 |
| **Activity Designator** | TRANSFER_OR_SOLD |
| **Terms Frequency** | MONTHLY |
| **Term Duration** | - |
| **Purchased From** | - |
| **Sold To** | - |

### BALANCE AND AMOUNTS

| | |
|---|---|
| **Balance** | $0 |

**Available Credit**                                                                         $920

## ACCOUNT DATES

**Date Opened**                                                                   Jun 12, 2016

**Date Reported**                                                                 Jan 14, 2025

**Date of Last Activity**                                                                    -

**Date of First Delinquency**                                                     Feb 01, 2022

## COMMENTS AND CONTACT

CHARGED OFF ACCOUNT

ACCOUNT TRANSFERRED OR SOLD

For questions regarding this account please contact:

**COMENITY BANK/ASHSTWRT**
PO Box 182789
Columbus, OH 43218-2789
(855) 796-9632

---

## Disputes

If you find information in your credit report that you believe is incomplete or inaccurate, click FILE A DISPUTE.

FILE A DISPUTE

---

Privacy Policy    Terms of Use    Ad Choices

Equifax Consumer Services LLC
Licenses and Disclosures

**EFX**

Copyright 2025 Equifax Inc. All rights reserved.

Equifax and the Equifax marks used herein are
trademarks of Equifax Inc. Other product and company
names mentioned herein are the property of their
respective owners.

**my**Equifax™

≡                                                          👤      🔔 3

## Your Equifax credit report

As of **February 27, 2025**

Credit Report date

Equifax - January 21, 2025

You still have **2 of 6 free Equifax credit reports** available before **January 03, 2026**.

Get my free credit report

# Exhibit D

‹ Back

# COMENITY BANK/ASHSTWRT
Report Date: Jan 21, 2025

## CLOSED
### ACCOUNT STATUS

Closed accounts stay on your credit report for up to 10 years since the date of last activity. Negative information such as late payments or collections, generally stay on your Equifax credit report for up to 7 years from the date of first delinquency.

| Details | Payments | 24 Month History |
|---|---|---|

### PAYMENT HISTORY

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

**2024**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

**2023**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

**2022**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

**2021**

| Jan | Feb | Mar | Apr | May | Jun |
|---|---|---|---|---|---|
|  |  |  |  |  | ✓ |
| Jul | Aug | Sep | Oct | Nov | Dec |
| ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

**my**Equifax™

| | | | | | |
|---|---|---|---|---|---|
| Jul | Aug | Sep | Oct | Nov | Dec |

2019

| | | | | | |
|---|---|---|---|---|---|
| Jan | Feb | Mar | Apr | May | Jun |
| Jul | Aug | Sep | Oct | Nov | Dec |

| | | | |
|---|---|---|---|
| ✓ Paid on time | 30 30 Days Past Due | 60 60 Days Past Due | 90 90 Days Past Due |
| 120 120 Days Past Due | 150 150 Days Past Due | 180 180 Days Past Due | V Voluntary Surrender |
| F Foreclosure | C Collection Account | CO Charge Off | B Included in Bankruptcy |
| R Repossession | TN Too New to Rate | No Data Available | |

## PAYMENT DETAILS

| | |
|---|---|
| Months Reviewed | 89 |
| Payment Responsibility | INDIVIDUAL |
| Deferred Payment Start Date | - |
| Date Closed | - |
| Date of Last Payment | Dec 2021 |
| Scheduled Payment Amount | - |
| Actual Payment Amount | - |
| Charge Off Amount | $1,310 |

## OTHER PAYMENTS & DELINQUENCIES

| | |
|---|---|
| Balloon Payment Date | - |
| Balloon Payment Amount | - |
| Delinquency First Reported | Feb 01, 2022 |
| Amount Past Due | - |



Privacy Policy    Terms of Use    Ad Choices

Equifax Consumer Services LLC
Licenses and Disclosures

**EFX**

Copyright 2025 Equifax Inc. All rights reserved.

2.27.25, 7:44 PM

Credit Report | myEquifax

**my**Equifax™

3

respective owners.

*powering* the world with *knowledge*™

https://my.equifax.com/membercenter/#/credit/revolving-accounts-10389559494

3.3



Alerts

**Dispute Center**

Products for You

# Dispute status

**Exhibit D1**

All disputes (3)

Confirmation number: **5014578638**

✓ **Submitted** 01/14/2025

✓ **Under investigation**

✓ **Completed** 01/14/2025

📄 PDF  Dispute results remain online for approximately 2 years from the completion date. Download now for your records.

Download dispute results

Confirmation number: 4291530877

✓    ✓    ✓